COURT OF APPEALS
DECISION
DATED AND FILED

August 8, 2023

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2022AP1463**

STATE OF WISCONSIN

Cir. Ct. No. 2017CV1409

IN COURT OF APPEALS
DISTRICT III

MARK F. MEISNER AND DENISE M. MEISNER,

   PLAINTIFFS-APPELLANTS,

V.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, ABC INSURANCE COMPANY AND DEF INSURANCE COMPANY,

   DEFENDANTS,

TRUMBULL INSURANCE COMPANY,

   DEFENDANT-RESPONDENT.

APPEAL from an order of the circuit court for Brown County: TAMMY JO HOCK, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Gill, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM. Mark Meisner[1] appeals from an order, entered following a remand from this court, that reduced the amount of available underinsured motorist (UIM) coverage from his automobile insurance carrier, Trumbull Insurance Company, by the amount Meisner had been paid by another insurer. Specifically, Meisner challenges the circuit court's determination that a stipulation entered into by the parties during litigation incorporated a UIM reducing clause from Meisner's policy with Trumbull. We conclude that the circuit court's factual finding that the parties intended their stipulation to incorporate the reducing clause is not clearly erroneous, and we reject Meisner's additional arguments that the circuit court erroneously exercised its discretion. Accordingly, we affirm.

## BACKGROUND

¶2      Meisner was seriously injured in an automobile accident. He eventually filed suit against the driver of another vehicle involved in the accident, Jon Mineau, and Mineau's automobile insurer, State Farm Mutual Automobile Insurance Company. Meisner also named his own automobile insurer, Trumbull, as a defendant, seeking to recover under the UIM provisions of his policy. Meisner alleged that Mineau had caused the accident and was underinsured relative to Meisner's extensive injuries.

---

[1] Although Mark's wife, Denise Meisner, also joined the notice of appeal, Trumbull's liability with respect to her injuries is not before us. We therefore limit our discussion in this opinion to Mark's claim.

¶3      Meisner entered into a stipulation with Trumbull that excused Trumbull from participating at trial.  The stipulation, as agreed to by the parties and as ultimately approved by the circuit court, provided in relevant part that Trumbull "shall be bound by the verdict reached at trial with respect to the [UIM] claim in this matter, up to the limits of its [UIM] insurance policy."

¶4      At trial, the jury determined that Meisner's injuries resulted in damages totaling $424,354.  Based upon the verdict, State Farm agreed to pay Meisner its liability policy limits of $100,000.  Meisner subsequently sought to collect $250,000 from Trumbull based upon the stipulation and the per-person UIM policy limits identified on the declarations page of Meisner's policy with Trumbull.

¶5      Trumbull opposed Meisner's motion, asserting that the unambiguous language of the stipulation required application of not only the UIM policy limits but also a reducing clause contained within the insurance policy.  The reducing clause stated that the limits of liability shown on the declarations page "shall be reduced by all sums … [p]aid because of the **bodily injury** by or on behalf of persons or organizations who may be legally responsible."  Trumbull asserted that State Farm's $100,000 payment should be subtracted under the reducing clause from the $250,000 Trumbull would otherwise owe Meisner based upon the UIM policy limits.

¶6      The circuit court[2] determined that the parties' use of the phrase "up to the limits of its underinsured motorist insurance policy" in the stipulation

_____

[2] The Honorable Kendall Kelley presided over the matter before the Honorable Tammy Jo Hock was appointed on remand.

unambiguously required Trumbull to pay the full amount of the UIM policy limits, without any reduction. It then entered judgment against Trumbull in the amount of $250,000 for Meisner's injuries. This court reversed on appeal, however, concluding that the language of the stipulation was ambiguous because it could reasonably be interpreted to refer to the full UIM limits, or to the limits as modified by other provisions in the policy. We remanded the matter to the circuit court for a factual determination, based upon extrinsic evidence, as to the agreed-upon coverage limits under the stipulation.

¶7 On remand, the parties submitted affidavits and eventually agreed to forgo an evidentiary hearing to present live testimony. The circuit court then relied upon the filed submissions—including the pleadings, requests and responses to discovery, emails between the parties attached to the affidavits, a letter to the court, and the policy itself—to find that the parties negotiated the stipulation at issue with the understanding that Trumbull was agreeing to an amount of liability coverage based upon all the terms of Meisner's UIM policy, including the reducing clause. Accordingly, the court concluded that Meisner was entitled to recover only $150,000 from Trumbull, rather than $250,000. Meisner now appeals that decision.

## DISCUSSION

¶8 Meisner raises three issues on appeal. He claims the circuit court erroneously exercised its discretion by: (1) failing to construe the stipulation against its drafter, Trumbull; (2) considering evidence outside the time frame in which the stipulation was actually being negotiated; and (3) violating the doctrine of equitable estoppel. We reject each of these arguments.

¶9      As a threshold matter, we note that Meisner cites the wrong standard of review. When a contract is ambiguous and must be construed by the use of extrinsic evidence, the contract's interpretation presents a question of fact. *Town Bank v. City Real Est. Dev., LLC*, 2010 WI 134, ¶32, 330 Wis. 2d 340, 793 N.W.2d 476. We will uphold a circuit court's findings of fact (including any reasonable inferences upon which they rest) unless they are clearly erroneous—meaning that they go against the great weight and clear preponderance of the evidence. *Phelps v. Physicians Ins. Co. of Wis., Inc.*, 2009 WI 74, ¶¶34, 38-39, 319 Wis. 2d 1, 768 N.W.2d 615.

¶10      Addressing Meisner's arguments, the rule about construing a stipulation against the drafter applies only if any ambiguities remain *after* considering extrinsic evidence. *See Ash Park, LLC v. Alexander & Bishop, Ltd.*, 2015 WI 65, ¶36, 363 Wis. 2d 699, 866 N.W.2d 679. Here, the circuit court found that extrinsic evidence resolved the ambiguity of the phrase "up to the limits" of the UIM policy in the stipulation and showed that the parties intended that phrase to mean the UIM limits of the policy taking into account the reducing clause. In light of that finding—which we conclude is not clearly erroneous—there were no further ambiguities in the stipulation for the court to construe against its drafter.

¶11      Key to our conclusion that the circuit court's finding is not clearly erroneous is that the parties described the UIM limits in the stipulation by reference to the Trumbull insurance policy without mentioning any specific coverage amount from that policy. It was therefore always going to be necessary to review the Trumbull policy in order to determine the agreed-upon UIM limits in the stipulation. Because the insurance policy was produced during discovery, well before the stipulation was entered, the court could reasonably infer that both parties were aware of all the policy's relevant UIM terms—including the reducing

clause—when they entered into the stipulation. In that context, and in the absence of any evidence in the emails or affidavits that the parties discussed excluding any relevant policy terms from the calculation of available UIM coverage, it was also reasonable (and not contrary to the great weight and clear preponderance of the evidence) for the court to infer that the parties intended the reducing clause to apply when they referred in the stipulation to the UIM limits in the Trumbull policy.

¶12     Next, we note that extrinsic evidence may "include 'the surrounding circumstances including factors occurring before and after the signing of an agreement.'" *Kernz v. J.L. French Corp.*, 2003 WI App 140, ¶10, 266 Wis. 2d 124, 667 N.W.2d 751 (citation omitted). We therefore reject Meisner's assertion that there was anything improper about the circuit court's consideration of other pleadings and discovery materials produced outside the time frame of the negotiations over the stipulation, in which Trumbull explicitly referred to its UIM coverage as being "subject to all of the terms, conditions, limitations, and exclusions of the policy." Nor did such consideration misconstrue the prior directive of this court, as Meisner contends.

¶13     Finally, Meisner's assertion that the circuit court should have applied the doctrine of equitable estoppel to preclude Trumbull from applying the reducing clause relies upon the premise that Meisner's trial strategy was based in part upon Trumbull's agreement to pay up to $250,000. That premise is necessarily defeated, however, by the circuit court's construction of the parties' stipulation.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2021-22).